LEHIGH ZINC CO. (BURROWS v.). See Case No. 2,207.

---

## Case No. 8,214.

LEHMAIER et al. v. MAXWELL.

[N. Y. Times, Jan. 28, 1856.]

Circuit Court, S. D. New York.

CUSTOMS DUTIES—APPRAISERS—PENALTY FOR UNDERVALUATION—PROTEST.

[1. Reappraisers may be sworn by a deputy collector.]

[2. The penalty for undervaluation attaches whether the importer makes the addition to his invoice or not.]

[3. A notice that the appraisement is not satisfactory, and the importers will give evidence "if desired," is not sufficient to entitle them to a reappraisement.]

[4. An appraisement becomes of no effect only when there is another appraisement. The remedy of an importer for the refusal of the collector to appoint a merchant appraiser is an action on the case.] .

The plaintiffs [John Lehmaier and others] made two importations of goods in the year 1852. They had purchased the first about two months before shipment, and the price in the invoice was the purchase price. On an appraisal and a reappraisal the value had been raised more than 10 per cent., and the penalty of 20 per cent. was accordingly exacted, and paid under protest. The protest was general, and specified but two exceptions to the reappraisal: First, that the reappraisers were not sworn by [Hugh Maxwell] the collector; and, second, that the penalty cannot be exacted except where the importer has raised his invoice price on entry. The goods of the second importation were also appraised, and their value raised; the penalty exacted, and paid under protest. This protest was also general, but contained a notice as follows: "You should not refuse us the appraisement of a merchant appraiser, under the acts of 1823 [3 Stat. 729], 1830 [4 Stat. 409], and 1832 [Id. 583]." The only evidence of such refusal is a letter of the plaintiffs to the defendant, in which they said: "The appraisement which has been made is not satisfactory, and, if desired, such evidence and statements will be produced to you as can be furnished to satisfy you of the fairness of our invoice."

HELD BY THE COURT (INGERSOLL, District Judge). That in the first case it was sufficient that the reappraisers were sworn by a deputy collector, and that the penalty attaches whether the importer makes the addition to his invoice or not. That in the second case the plaintiffs gave no absolute unconditional notice of dissatisfaction to the collector, which they must do to entitle them to a reappraisal, but only announced that they would give evidence, if the collector desired it; and as he had no desire on the subject, their appeal was in effect aban-

doned. [Bartlett v. Kane] 16 How. [57 U. S.] 203. But if the collector had refused to appoint a merchant appraiser, as claimed, still the appraisement was valid. It becomes of no effect only when there has been another appraisement; and the plaintiff's remedy, if he had refused, would be by an action on the case against him for breach of duty. That neither of the protests, therefore, can avail the plaintiffs.

Verdict set aside, and judgment ordered for the defendant.